UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
PLAZA DE RETIRO, INC.,
    Debtor.                                                      No. 11-09-10974 SA

LINDA S. BLOOM, Trustee of the
Plaza de Retiro Liquidating Trust,
    Plaintiff,
v.                                                             Adv. No. 11-1133 S

TAOS COUNTY BOARD OF COMMISSIONERS,
and DARLENE J. VIGIL, County Assessor,
    Defendants.

**MEMORANDUM OPINION ON DEFENDANTS'
<u>MOTION TO DISMISS</u>**

This matter is before the Court on a Motion to Dismiss ("Motion") filed by the Defendants Taos County Board of Commissioners ("Taos") and Darlene J. Vigil, County Assessor ("Vigil"). This adversary proceeding was filed by the Trustee of the Plaza de Retiro Liquidating Trust, which was formed upon confirmation of debtor Plaza de Retiro's Chapter 11 Plan. Plaintiff appears through her attorneys Hunt & Davis, P.C. (Chris W. Pierce). Defendants appear through their attorney Thuma & Walker, P.C. (David T. Thuma) and Barbara A. Martinez (Taos County Attorney) and Robert J. Malone (Assistant Taos County Attorney). The adversary proceeding is titled "Complaint for Breach of Contract and to Enforce Agreement and for Turnover of Property of the Estate." The Court reviewed the Order Confirming Trustee's Liquidating Plan (main case, doc 462), which has the Plan attached as Exhibit A, and finds that the Confirmation Order reserved Bankruptcy Court jurisdiction over the subject matter of

this adversary proceeding[1]. For the reasons set forth below, the Court finds that this adversary proceeding should be dismissed.

**THE COMPLAINT**

Under its "Jurisdictional allegations" section the Complaint alleges that Debtor filed a voluntary petition under Chapter 11 on March 11, 2009[2]. On August 13, 2009, the Court granted a motion by the United States Trustee to appoint a Chapter 11 Trustee. Ms. Bloom was so appointed on August 14, 2009. The Trustee filed a liquidating plan on October 19, 2009 (doc 283) and it was confirmed on April 21, 2011 (doc 462). Ms. Bloom is the Trustee of the Plaza de Retiro Liquidating Trust established upon confirmation of the plan. This adversary proceeding was filed on August 16, 2011.

The Complaint next alleges that Taos County and the Taos County Board of Commissioners are political subdivisions of the State of New Mexico, and that Vigil is the Assessor of Taos County, New Mexico. Taos County filed a Proof of Claim (No. 2-1) on March 20, 2009 for unpaid property taxes[3]. The remaining

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (K) and/or (O); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

[2] Therefore, the "Order for Relief" was also March 11, 2009. 11 U.S.C. § 301(b).

[3] The Court has taken judicial notice of this claim. It was
(continued...)

Page -2-

jurisdictional allegations assert that the Court has jurisdiction, that this is a core proceeding, and that venue is proper.

As "General Allegations" the Complaint next states that Debtor owned real property in Taos County. Before Bloom was appointed Trustee, Defendants attempted to assess the value of the property at $11.6 million for the year 2009, which was a sizeable increase from the previously assessed value of $1.9 million.

In December 2009 [sic, October 27, 2009] the Court entered a Memorandum Opinion (doc 301, p. 9) on borrowing which found that based on expert testimony, the "Pond Property" was worth at least $1,250,000, more likely $1,500,000, and perhaps more.

Twice in December counsel for Bloom sent letters to Vigil and to Gerald E. Nichols ("Nichols"), Taos' Chief Appraiser, advising them of the Court's valuation and requesting a "rescheduled" protest hearing on the assessment[4]. On December

---

[3](...continued)
filed with the Clerk's Office on March 20, 2009 at 8:00 AM. The claim names the creditor as the Taos County Treasurer, and lists the amount as $10,356.99 for taxes. It states that it secured by real estate and lists itself as a priority claim owed to a governmental unit under 11 U.S.C. § 507(a)(8). It is signed by Sammy L. Pacheco, Taos County Attorney. Four pages of attachments list the details of four associated 2008 tax bills.

[4]The letters are attached as Exhibits 1 and 2.

22, 2009, Sammy L. Pacheco ("Pacheco"), Taos County Attorney[5], sent a letter to counsel for Bloom "offering to assess the value of the property at $5,929,770.00." On January 7, 2010, counsel for Bloom sent Pacheco a letter[6] "accepting Taos County's offer to assess the value of the property at $5,929,770.00."

The Trustee then marketed the property, found a potential buyer, and filed two motions (doc 292, doc 311 (amended)) to sell all assets of the estate pursuant to 11 U.S.C. § 363. The proposed sale was to Colinas Healthcare, Inc. and the proposed price was $3,200,000.00.

Closing was scheduled for July 15, 2010. The title company requested payoffs and Taos provided a payoff based on the 2009 assessment of $11.6 million, not the $5,929,770.00 valuation. The tax issue was not resolved by July 15, 2010 and the title company refused to escrow funds without the consent of Taos.

**Count 1 - Breach of Contract and Enforcement of Agreement**

Bloom claims that she and Taos reached a valid and enforceable agreement establishing the value at $5,929,770.00. After reaching the agreement, Taos, through its counsel, has informed Trustee's counsel that it doubts the agreement is enforceable. Bloom claims that Taos' refusal to comply with the

---

[5] The letter is attached as Exhibit 3. It is actually signed "Sammy L. Pacheco, Contract Attorney, Taos County."

[6] The letter is attached as Exhibit 4.

agreement causes damages in an amount to be determined at trial, and seeks costs, attorneys fees, and any other just relief.

**Count 2 - Turnover of Property Pursuant to 11 U.S.C. § 542**

At the closing, Taos received $94,739.96 based on the 2009 assessment of $11.6 million. The additional amounts paid to Taos because of the higher assessment are property of the estate pursuant to 11 U.S.C. § 541. The Trustee seeks a turnover of the funds.

**Exhibit 1[7]**

Plaintiff's exhibit 1 is a letter (and fax) dated December 2, 2009 from Chris W. Pierce to Gerald E. Nichols, the Chief Appraiser in Taos County Assessor's Office. It refers to telephone messages that Mr. Pierce had left for Mr. Nichols during the previous weeks. The messages were inquiring about a property tax protest filed by Mr. and Mrs. Himes (officers of debtor, now out-of-possession) concerning the Plaza de Retiro property before Ms. Bloom was appointed trustee. It continues:

> It further appears that your office contacted Linda Bloom, the Chapter 11 Trustee, and informed her of a hearing on the protest. Ms. Bloom had no previous notice of the hearing, and was unable to attend the hearing or properly prepare for the hearing due to her previous schedule. Therefore, Ms. Bloom sent you a protest form which purported to withdraw the protest.

---

[7]When considering a motion to dismiss, the trial court properly considers materials attached to the complaint and may take judicial notice of court filings. Pace v. Swerdlow, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

Page -5-

(Doc 1, p. 7).[8] The letter encloses a copy of a portion of this Court's Memorandum Opinion (doc 301) which found that the value of the property was between $1,250,000 and $1,500,000 (or more) and a copy of a Broker Opinion of Value opining that the value was between $3,120,582 and $4,929,770. Mr. Pierce then states the Trustee's position that Taos County must obtain relief from the automatic stay if it wanted to increase the tax valuation. He requests that Taos County reschedule a protest hearing and put the matter back on a schedule to provide evidence of value. He also states the Trustee's intention to file an adversary proceeding in the Bankruptcy Court to reduce the property valuation if the protest is not reinstated. He also informs the County that there is a pending sale of the property which will result in payment of the taxes.

**Exhibit 2**

Plaintiff's exhibit 2 is a letter (and fax) dated December 18, 2009 from Chris W. Pierce to Darlene J. Vigil, Taos County Assessor and Gerald E. Nichols, the Chief Appraiser in Taos County Assessor's Office. It is short and direct. It states

---

[8] To be clear(er), though the background of how the estate found itself in this position bears little on the outcome of this litigation, it appears from the record that Ms. Bloom did not learn, until the day before the tax protest hearing was scheduled in Taos (approximately 100 miles from her office in Albuquerque), that the debtor in possession had filed the protest. This late revelation was despite her investigation of the affairs and status of the chapter 11 estate that she was now trustee for as a result of the forced departure of previous management.

Page -6-

that because there was no response to the December 2, 2009 letter Mr. Pierce has drafted an adversary complaint (which was apparently attached to the original letter, but not to the Exhibit 2 copy) seeking to value Plaza de Retiro's property at $3,200,000 which he intended to file if the tax issues were not resolved.

**Exhibit 3**

Plaintiff's exhibit 3 is a letter (apparently received by fax) dated December 22, 2009 from Sammy L. Pacheco, Contract Attorney, Taos County to Chris W. Pierce. It acknowledges receipt of the two letters and states, in part:

> In consultation with Taos County Chief Appraiser, Taos County is willing to adopt the Grubb and Ellis report that establishes the overall value of the Retiro properties at $5,929,770.00. Your $3,200,000.00 value is based on a distressed sale that does not accurately reflect the current value of the properties. I will await your reply.

**Exhibit 4**

Plaintiff's exhibit 4 is a letter (and fax) dated January 7, 2010 from Mr. Pierce to Samuel L. Pacheco Esq., Taos County Attorney; Darlene J. Vigil, Taos County Assessor; and Gerald E. Nichols, Chief Appraiser at the Taos County Assessor's Office. It states, in full:

> Dear Sirs and Madam:
>
> This follows Mr. Pacheco's letter dated December 22,2009. Linda S. Bloom, the Chapter 11 Trustee in the Plaza de Retiro Chapter 11 Bankruptcy case, will agree to the appraisal of the overall value of the Plaza de

> Retiro properties at $5,929,770.00, for purposes of the
> Taos County ad valorem property tax assessment only.
>
> Please let me know what further documentation Taos County
> needs to complete this matter. We are looking into whether
> we need to obtain approval from the Bankruptcy Court for
> this agreement, and will contact you soon regarding any such
> approval, if need [sic].
> Thank you.
>
> /s/ Chris W. Pierce

**DEFENDANTS' MOTION TO DISMISS**

In lieu of an answer, Defendants filed a Motion to Dismiss for failure to state a claim (Fed.R.Civ.P. 12(b)(6)) and for lack of subject matter jurisdiction (Fed.R.Civ.P. 12(b)(1))[9]. Defendants argue that Count 1 is a contract claim, but that no contract was formed by the combination of letters attached to the complaint. Furthermore, they claim that any offer to contract was not supported by consideration. However, even if there were a contract, it would be void because it contains provisions that are prohibited by the New Mexico Constitution. Finally, Defendants claim that the alleged contract would not be enforceable because it was never approved by the Bankruptcy Court pursuant to Rule 9019 which governs compromises of controversies. Defendants then propose two grounds under which the Court lacks jurisdiction. First, they assert the Eleventh Amendment.

---

[9]Fed.R.Civ.P. 12(b) applies in adversary proceedings. See Fed.R.Bankr.P. 7012(b).

Second, they argue that 11 U.S.C. § 505 establishes jurisdictional requirements which Plaintiff does not satisfy.

**STANDARDS FOR A MOTION TO DISMISS UNDER RULE 12(b)(6)**[10]

>    Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); Hous. Auth. of Kaw Tribe v. City of Ponca, 952 F.2d 1183, 1187 (10th Cir. 1991).
>
>    A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 546, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a plaintiff's complaint must set forth more than a threadbare recital "of the elements of a cause of action, supported by mere conclusory statements"). "Factual allegations

---

[10]Defendants' Motion asserts both Rules 12(b)(1) and (6) for dismissal. Because the Court is ruling based on 12(b)(6) alone, it will not discuss the standards for dismissal under 12(b)(1). The two standards are, however, different. See Walker v. THI of New Mexico at Hobbs Center, 803 F.Supp.2d 1287, 1294-96 (D. N.M. 2011) for a detailed and up to date discussion of the 12(b)(1) standards.

Page -9-

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 545, 127 S.Ct. 1955 (citation omitted). To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570, 127 S.Ct. 1955; Mink v. Knox, 613 F.3d 995 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. at 1940, 129 S.Ct. 1937. "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974) (citations omitted).

Genesee County Employees' Retirement System v. Thornburg Mortgage Securities Trust 2006-3, ___ F.Supp.2d ___, 2011 WL 5840482 at *23-24 (D. N.M. 2011).

**NEW MEXICO'S PROPERTY TAX SCHEME**

Chapter 7, Article 1 NMSA 1978 is the "Tax Administration Act." § 7-1-1 NMSA 1978. The "Property Tax Code" appears in

Page -10-

Articles 35 through 38 of Chapter 7 NMSA 1978.  § 7-35-1 NMSA 1978.  Article 36 deals with valuation of property.  It also establishes the general rule that "all property is subject to valuation for property taxation purposes under the Property Tax Code if it has a taxable situs in the state."  § 7-36-7 NMSA 1978.  Article 37 imposes the property tax.  "A tax is imposed upon all property subject to valuation for property taxation purposes under Article 36 of Chapter 7 NMSA 1978.  The tax shall be imposed at the rates authorized and in the manner and for the purposes specified in this article."  § 7-37-2 NMSA 1978.  Article 38 deals with the administration and enforcement of the property tax laws.

Property tax calculations and the valuations underlying them are presumed to be correct.

> Values of property for property taxation purposes determined by the division or the county assessor are presumed to be correct.  Determinations of tax rates, classification, allocations of net taxable values of property to governmental units and the computation and determination of property taxes made by the officer or agency responsible therefor under the Property Tax Code are presumed to be correct.

§ 7-38-6 NMSA 1978.  Values for property taxation purposes, with certain exceptions not relevant here, are determined as of January 1 of each year.  § 7-38-7 NMSA 1978.  Depending on which agency performs the valuation, either the county assessor mails a notice of the net taxable value of the property to the owner by April 1, or the tax department the same notice by May 1.  § 7-38-

Page -11-

Case 11-01133-s    Doc 14    Filed 04/11/12    Entered 04/11/12 14:22:18 Page 11 of 18

20 NMSA 1978. The property owner may protest the value (or classification) of the property:

> A. A property owner may protest the value or classification determined for his property for property taxation purposes, the allocation of value of his property to a particular governmental unit or a denial of a claim for an exemption or for a limitation on increase in value either by:
> (1) filing a petition of protest with the director or the county assessor as provided in the Property Tax Code; or
> (2) filing a claim for refund after paying his taxes as provided in the Property Tax Code.
> B. The initiation of a protest under Paragraph (1) of Subsection A of this section is an election to pursue that remedy and is an unconditional and irrevocable waiver of the right to pursue the remedy provided under Paragraph (2) of Subsection A of this section.

§ 7-38-21 NMSA 1978. A protest must be filed with the county assessor no later than April 1 or thirty days after the mailing the notice of valuation. § 7-38-24(B) NMSA 1978[11]. The assessor in turn notifies the owner by certified mail of the date, time and place to appear to support the petition. § 7-38-24(C) NMSA 1978. The Tax Administration Act provides for the creation of "county valuation protests boards." § 7-38-25(A) NMSA 1978. The board conducts the protest hearing and a final action and order must be signed by the chairman within thirty days after the hearing, but the time may be extended by the parties. § 7-38-27(B) NMSA 1978. All protests shall be decided within one hundred eighty days of the filing of the protest. § 7-38-23(C)

---

[11]Virtually parallel provisions apply to protests to the tax department. See § 7-38-22 et seq. NMSA 1978.

Case 11-01133-s    Doc 14    Filed 04/11/12    Entered 04/11/12 14:22:18 Page 12 of 18

NMSA 1978. The protest "shall" be denied if the property owner fails, without reasonable justification, to appear at the hearing. Id.

**RELEVANT BANKRUPTCY CODE SECTIONS**

Section 505, Determination of tax liability, contains, in relevant part:

> (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
>
> (2) The court may not so determine--
> (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;
> ...
> (C) the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired.

Section 108, Extension of time, provides in relevant part:

> (a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) two years after the order for relief.

**COUNT 1 - BREACH OF CONTRACT**

Page -13-

Despite Plaintiff's characterization of count 1 as a claim for breach of contract, it is a veiled attempt to revalue real estate for tax purposes that asks the Court to determine that the property tax is vastly lower than what the County of Taos calculated. See In re Powell-Garvey Co., 2006 WL 6885807 (Bankr. S.D. Ga. 2006)(No matter how characterized, the bankruptcy court is limited by section 505(a)(2)(C) when asked to determine the legality of any amount arising in connection with ad valorem taxes.) The Court will treat Count 1 as governed by section 505.

First, from the Complaint, the Court finds that Mr. and Mrs. Himes filed a tax protest on behalf of Plaza de Retiro. The Court assumes that the protest was timely filed because the County set a hearing on the protest. Sometime before December 2, 2009 the trustee withdrew the protest. See exhibit 1. By December, 2009, the deadline for filing protests of 2009 taxes had passed. § 7-38-24(B) NMSA 1978. Count 1 should be dismissed as untimely.

Second, by filing the protest Plaza de Retiro made an unconditional and irrevocable waiver of the right to pursue the remedy provided under Paragraph (2) of Subsection A of this section[12] (allowing judicial review). § 7-38-21(B) NMSA 1978.

---

[12]That remedy is to file a claim for refund after paying taxes as provided in the property tax code. § 7-38-21(A)(2) NMSA 1978. Claims for refund are filed as a civil action in the district court, and parties can file appeals to the court of
(continued...)

Case 11-01133-s    Doc 14    Filed 04/11/12    Entered 04/11/12 14:22:18 Page 14 of 18

Plaza de Retiro cannot now evade its election to pursue administrative remedies only. Count 1 should be dismissed.

Third, Bankruptcy Code section 108 provides no help. This adversary proceeding was filed August 16, 2011, more than two years after the order for relief, which was March 11, 2009. Anything that was extended by section 108 has run. Count 1 should be dismissed.[13]

Count 1 will be dismissed.

**COUNT 2 - TURNOVER**

Turnover is governed by Bankruptcy Code section 542, which provides in part:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a). A bankruptcy trustee has no greater rights in property than the debtor had at the time of the petition. Weinman v. Graves (In re Graves), 609 F.3d 1153, 1156 (10th Cir. 2010), cert. denied, 131 S.Ct. 906 (2011) (Citation omitted.) Plaza de Retiro had no right to order Taos County to reduce its

---

[12](...continued)
appeals. § 7-38-40 NMSA 1978.

[13] Given the foregoing, the Court does not need to address Defendants' other arguments.

Case 11-01133-s    Doc 14    Filed 04/11/12    Entered 04/11/12 14:22:18 Page 15 of 18

property tax valuation as of the petition date. The bankruptcy trustee also had no such right. Therefore, Taos County had nothing to deliver. See also Id. at 1157 (citing Maggio v. Zeitz (In re Luma Camera Serv., Inc.), 333 U.S. 56, 64 (1948)(Holding that the primary condition of turnover relief is possession of existing chattels or their proceeds capable of being surrendered by the person ordered to do so.)(Former law)) See also Las Vegas Casino Lines, LLC v. Abbott (In re Las Vegas Casino Lines, LLC), 454 B.R. 223, 227 (Bankr. M.D. Fla. 2011):

> Turnover pursuant to 11 U.S.C. Section 542 is an appropriate cause of action only where title to the tangible property or money due is not in dispute. Charter Crude Oil Co. v. Exxon Co., U.S.A. (In re Charter Co.), 913 F.2d 1575, 1579 (11th Cir. 1990). "Instead, Section 542 allows trustees and debtors in possession to recover property that is clearly property of the debtor." In re Ven-Mar Int'l, Inc., 166 B.R. 191, 193 (Bankr. S.D. Fla. 1994). "[T]he purpose of the turnover provision is to provide debtors with the ability to recover property, not the ability to recover property which may be owed to debtors." In re Olympia Holding Corp., 221 B.R. 995, 998 (Bankr. M.D. Fla. 1998).

and DII Northwest LLC v. Carey (In re National Jockey Club), 451 B.R. 825, 830 (Bankr. N.D. Ill. 2011):

> Turnover is not intended as a method of determining the disputed rights of parties; it is intended as a remedy to obtain what is already acknowledged to be property of the bankruptcy estate. Krol v. Crosby (In re Mason), 386 B.R. 715, 721 (Bankr. N.D. Ill. 2008) (citing Grochocinski v. Allstate Ins. Co. (In re Lyckberg), 310 B.R. 881, 888 (Bankr. N.D. Ill. 2004)). A turnover action cannot be used as a tool to acquire property the debtor did not have a right to possess or use at the commencement of a case. See Midway Aircraft Eng'g, Inc. v. Am. Airlines, Inc.

Case 11-01133-s    Doc 14   Filed 04/11/12   Entered 04/11/12 14:22:18 Page 16 of 18

(In re Midway Airlines), 221 B.R. 411, 458 (Bankr. N.D. Ill. 1998).

    A breach of contract action may not be transformed into an action for turnover.  Sokol v. Mass. Mut. Life Ins. Co. (In re Sokol), 60 B.R. 294, 296 (Bankr. N.D. Ill. 1986); Borock v. Turner Constr. Co. (In re Sardo Corp.), 95 A. 01620, 1996 WL 362756, at *14 (Bankr. N.D. Ill. June 11, 1996); United States v. Inslaw, Inc., 932 F.2d 1467, 1472 (D.C. Cir. 1991); DHP Holdings II Corp. v. Peter Skop Indus., Inc. (In re DHP Holdings II Corp.), 435 B.R. 220, 226 (Bankr. D. Del. 2010); Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc. (In re Andrew Velez Constr., Inc.), 373 B.R. 262, 273 (Bankr. S.D. N.Y. 2007).

    By asserting a turnover claim, Plaintiff puts the cart before the horse. Plaintiff first asserts that its allegation that Defendant's alleged misappropriation of $1.2 million entitles Plaintiff to recover those funds from Defendant.  However, a simple allegation of wrongdoing by Defendant, even when backed by a resolution of HNL's Board, does not create a legally enforceable obligation of the type contemplated by § 542(a).  There is a difference between property potentially _owed_ to a debtor and property _owned_ by the debtor.

(Emphasis in original).  And see Raven II Holdings v. Quest Title Co. (In re W.S.F.-World Sports Fans, LLC, 367 B.R. 786, 793 (Bankr. D. N.M. 2007)("However, '[i]t is settled law' that turnover actions under § 542 cannot be used 'to demand assets whose title is in dispute.'")(citation omitted.)

    Count 2 fails to state a claim for turnover.

    The Court will enter an Order dismissing this adversary proceeding.

                                 /s/ James S. Starzynski
                                 Honorable James S. Starzynski
                                 United States Bankruptcy Judge

Case 11-01133-s   Doc 14   Filed 04/11/12   Entered 04/11/12 14:22:18 Page 17 of 18

Date Entered on Docket: April 11, 2012

Copies to:

Chris W Pierce
Hunt & Davis, P.C.
2632 Mesilla St. NE
Albuquerque, NM 87110

David T Thuma
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

Barbara A. Martinez
Taos County
105 Albright St Ste G
Taos, NM 87571

Robert J Malone
Taos County Legal Department
105 Albright St. Suite G
Taos, NM 87571